W. W. FRASER, solicitor-general, *contra.*

---

## SALISBURY *v.* THE STATE.

1. The indictment being for assault with intent to murder, and the verdict finding the offence of stabbing, and there being no evidence as to the general character for violence of Vaughn, the person stabbed, it is no cause for a new trial that the court declined to charge, as requested: "If you believe from the evidence that the defendant prepared any weapon, but that it was done simply to defend himself from an anticipated assault of Vaughn, he had a right to do this; and in determining this, you can take into consideration the relative strength of the parties, the character of Vaughn for violence, and all other facts in evidence showing whether defendant got the knife and weight to make an attack on Vaughn, or to defend himself against an attack he expected from Vaughn."

2. The evidence warranted the verdict, and there was no error in de-
nying a new trial.    *Judgment affirmed.*
January 27, 1894.

Indictment for assault with intent to murder. Before
Judge MILNER. Catoosa superior court. August term,
1893.

Salisbury was convicted of stabbing. He moved for
a new trial on the grounds, that the verdict is contrary
to law and evidence, and that the court erred in refus-
ing to charge the jury as stated in the first head-note.
The motion was overruled. The evidence shows that
defendant was treasurer of a company for which
Vaughn had made some barrels. Vaughn, according
to his own testimony, went into the company's store
to get pay for the same, claiming five and one half cents
per barrel as the price to be paid, that being what the
company had been paying for the same kind of work.
Defendant informed him that the price had been cut down
to five cents on the first of the month. To this Vaughn
replied that he had no notice of the change, and would
have five and one half cents. Defendant said, "You
are a damned fool," and Vaughn replied, "By God, I
I am not afraid of you or any other man." Upon this
defendant retired into the office, and in a little while
returned with a weight in each hand and went and stood
by the opening in the counter, telling Vaughn to leave
the store. Vaughn refused and approached defendant,
who was about 20 feet away, and as Vaughn came within
about three feet, defendant raised one of the weights to
strike him, but his arm was caught by Vaughn, and a
scuffle ensued, in which defendant cut Vaughn just over
the hip and slightly further up on the back. . Vaughn
tripped him up and fell over him, and defendant rose and
stabbed him in the shoulder as he was getting up.
Vaughn had no weapon, and did not strike defendant.
He was physically stronger than defendant, and in a diffi-

culty between them about four years before, he knocked defendant through a window. Vaughn further testified that he did not say to one Self, a short while after the difficulty, that he knew he was stronger than defendant, and when he went up to him he intended to jerk him down and whip hell out of him, nor said anything of the kind. Self testified that Vaughn said to him, about three weeks after the difficulty, that he had a chair once in his hand, but knowing that he had once slapped defendant through a window and could easily manage him, he set down the chair and went up to defendant with the intention to jerk him down and beat hell out of him, and that just as he got near him defendant started to draw a weight on him, but before he got it up he grabbed defendant. One Cooper testified that the first he noticed of the difficulty was Vaughn saying, in an angry and excited tone and with an oath, "You ought to have told me before." He did not know what reply was made by defendant, but Vaughn kept on swearing. Defendant went into the office, and after a little time again came into the store-room, walked to an opening in the counter and leaned over the counter. Vaughn kept talking, and then advanced 20 feet to where defendant was standing, grabbed him, and they began scuffling, and in the scuffle Vaughn tripped defendant up, and in falling fell over him. Defendant got up on his knees and struck Vaughn in the shoulder with his knife. Defendant came out with one or two weights in his hand. He was not saying anything to Vaughn that witness heard, or doing anything, when Vaughn went up to him and grabbed him. He was leaning against the counter, and if he made any attempt to strike Vaughn witness did not see it. Vaughn talked loudly and angrily. He usually talks loudly. After the two were separated, defendant made no further effort to harm Vaughn, but went back behind the counter. Cooper first saw the knife while the

scuffling was going on; defendant had it open in his hand. Vaughn was holding him by the arm, and seemed to be trying to trip him. The weights defendant had were one and a half or two pounds each. Vaughn had no weapon.

Defendant stated: "Vaughn was claiming five and a half cents for six-hoop barrels. I told him the company was only paying five cents for six-hoop barrels. He got angry at once, and began cursing and saying I ought to have told him before. I told him it was too small a matter to get mad about, that the difference was only fifteen cents. He only got louder, and swearing said I ought to have told him before. I lost patience and said, damned fool. He then came up towards me, and swore he was not afraid of anybody. I knew from a former difficulty that he was much stronger than I, and I went into the office and picked up a paper weight and opened my knife. I came out and walked away from where he was, stopped at an opening in the counter, and asked him to go away. He started at once to where I was, and seeing he was coming up to me, I started to raise a weight to strike him; but before I got it up to strike he grabbed me. We began scuffling, and in the scuffle I suppose I cut him over the hip, but I did not know it, though I was trying to do so. He then tripped me up, and as I fell he fell over me, and as I rose I struck him in the shoulder. When Cooper interfered, I at once stopped, and as all I did I was acting in defence of myself, as I knew that I could not cope with Vaughn in strength."

R. J. & J. McCAMY, for plaintiff in error.

A. W. FITE, solicitor-general, *contra*.